HENRY BERAU, Appellant, *v.* DANIEL O'CONNELL, Respondent.

*Partnership accounting — money drawn upon checks and paid to one partner — the checks are inadmissible in evidence.*

Where, upon the trial of an action brought to obtain an accounting between two partners, the plaintiff was permitted to testify that he drew upon certain checks moneys which were paid to the defendant, the refusal to admit in evidence the checks upon which he drew such money is proper; they are not admissible as against the defendant.

APPEAL by the plaintiff, Henry Berau, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 22d day of March, 1893, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the plaintiff's complaint upon the merits, and also from the order directing the entry of said judgment.

*Hector M. Hitchinys,* for the appellant.

*Charles J. Patterson* and *Anthony Barrett,* for the respondent.

DYKMAN, J.:

This is an action for an accounting.

On the 29th day of December, 1886, the plaintiff had an individual contract with the city of Brooklyn for the removal of garbage from the streets of that city, and on that day he and the defendant entered into a co-partnership agreement in writing by which they agreed to become co-partners in business under the firm name of Henry Berau, for five years, for the purpose of performing that contract with the city.

The parties entered upon the performance of their contract; there was a settlement between them every month, and a final settlement at the termination of the partnership.

The claim in this action is that the defendant drew money from the plaintiff from time to time during the continuance of the firm under the pretense that it was to be paid over to certain parties, and instead of paying the same over, appropriated it to his own use.

The plaintiff testified upon the trial that about five months after the formation of the partnership he had a conversation with the

defendant in relation to the payment of money to parties in Willoughby street, and that they were entitled to four per cent of the total sum, amounting to $3,000. That the plaintiff said: "All right; I don't know nothing about this. You have got to handle that portion and where does my compensation come from?" Then I told him: "Who will get that money?" "Well, you will find out later on?"

Then he said he paid $1,500 and the defendant $1,500, all of which was placed in an envelope, and the defendant made the letters H. B. upon two cards, one of which, with the envelope containing the money, was given to Mr. Wernberg, who was to pay the same over to some one who should produce the duplicate card.

Then he said money had to be paid the next year, but does not say that he paid any. He says he paid $458 every month and $1,200 besides, in addition to the $1,500 before mentioned.

His son was called in corroboration, and testified that he drew money from the bank, and that he saw some money handed over to the defendant.

Mr. Wernberg was called as a witness, and testified that he received the envelope said to contain the $3,000 and the card from the plaintiff, but that the defendant was not present at the time of its reception. It does not appear who received the envelope from Wernberg.

The defendant in his testimony denied all the statements of the plaintiff and his son respecting the conversation in relation to the money to be paid to other parties. He testified that no money was so paid and that there was no necessity for such payment. He denied entirely the testimony of the plaintiff respecting the $3,000 placed in the envelope, so far as he was connected therewith, and denied that he was present when the envelope was delivered to Wernberg.

At the close of the testimony the trial judge dismissed the complaint of the plaintiff upon the merits, and the plaintiff has appealed from the judgment entered upon such decision.

The judge refused to find that, upon the statement of the defendant that it was necessary to pay four per cent to certain parties in Willoughby street, the plaintiff contributed $1,500 and the defendant $1,500, which was inclosed in a sealed package which was delivered to Wernberg.

He also refused to find that upon similar statements of the defendant the plaintiff drew from his private bank account in 1888 $1,300; in 1889, $1,200; in 1890, $1,200; in 1891, $1,200, and paid the same over to the defendant to be applied by him to the same purpose.

The trial judge also refused to find that, after obtaining the last contract from the city, the defendant falsely stated to the plaintiff that it was necessary to pay to the parties in Willoughby street out of that contract, the sum of $10,000 per annum, payable monthly.

He also refused to find that plaintiff paid over to the defendant his share of said $10,000 in bills, $458 each month.

Also, that during the continuance of the partnership there was paid over by the plaintiff to the defendant the total sum of $26,552, to be paid to parties in Willoughby street.

It thus appears from the findings that the trial judge did not believe the testimony of the plaintiff, and if that was untrue the testimony of the son fell with it. Even when considered by itself alone the testimony of the plaintiff is very unsatisfactory. It is difficult to believe that he would hand over $1,500 to the defendant upon his simple request, without any explanation and for no apparent purpose. He had his contract, and there was no conceivable way in which he could expect to be benefited by parting with that money.

The same is true of all the sums paid subsequent to the first. He required no influence of any kind, and never requested any. In fact, his whole conduct, as he describes it, is so much at variance with the motives which actuate men in the ordinary affairs of life, that it surpasses belief.

Then he is contradicted by Wernberg, who corroborates the defendant, and says the defendant was not present when the plaintiff left the envelope with him.

That is a very important point in the case, for if the defendant was not present at that time, and the statement of the plaintiff upon that point is untrue, it is easy to conclude that the entire story is a fabrication. Moreover, the present claim is entirely dissimilar to the demand made by the plaintiff in his letter to the defendant under date of July 20, 1892. In that letter he says the defendant received

various sums, amounting to some $50,000, from the profits of the firm, one-half of which belonged to the plaintiff. In his amended complaint he claims that the money was obtained from him individually, by false and fraudulent representations.

The change is suspicious. If he had any claim against the defendant he knew its character as well when he wrote the letter as he did when he made his amended complaint.

This is one of the cases in which much deference should be paid to the decision of the trial judge. There was an irreconcilable conflict between the testimony of the plaintiff and his son and that of the defendant. It became necessary to determine which gave out the truth. The trial judge had the opportunity of personal observation of the witnesses, which is a very important fact. (*Westerlo* v. *De Witt*, 36 N. Y. 345.) After a close scrutiny of the evidence and a careful consideration of the case, we reach the same conclusion as the trial judge.

Upon the trial the plaintiff produced some checks of his own, upon which he testified he drew money from his bank to pay to the defendant. They were offered in evidence and excluded, and their exclusion is assigned as error.

The plaintiff was permitted to testify that he drew the money upon the checks to pay to the defendant, and that was all that was necessary. The checks themselves were not evidence against the defendant.

We find no error in the record, and the judgment should be affirmed, with costs.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.