CHARLES E. MAXFIELD, Respondent, *v.* OLIVER L. CARPENTER, Appellant.

*Broker — ordinarily he is without authority to receive a payment — when so authorized.*

Ordinarily a broker has no authority to receive payment for goods sold by him for the owner; his only authority is to find a purchaser; but where a person is apparently clothed with full authority to sell and deliver, a payment to such person is good as against the owner.

APPEAL by the defendant, Oliver L. Carpenter, from a judgment of the County Court of Orange county in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 27th day of July, 1894, upon the decision of the court reversing the judgment of a justice of the peace of the city of Newburgh, Orange county, and also from an order made on the 26th day of September, 1894, and entered in said clerk's office, reversing said judgment.

*Wilton Bennet*, for the appellant.

*A. H. F. Seeger*, for the respondent.

PRATT, J.:

This is an appeal from a judgment of a county judge reversing a judgment entered by a justice of the peace upon a verdict in favor of the defendant for no cause of action.

The complaint was for the price of goods sold and delivered by plaintiff to defendant, and the principal question was whether an agent who received the pay for the goods was authorized to receive it. The jury found that the person had such authority as a matter of fact, and under such circumstances it was error for the county judge to reverse the judgment. (*Biglow* v. *Sanders*, 22 Barb. 147; *Wiley* v. *Slater*, Id. 506.)

Much has been written upon the subject of implied agency to receive pay upon the part of brokers and factors, and the rule is that a broker has no authority to receive pay except in exceptional cases. The broker generally has no authority except to find a purchaser, but where a person is clothed with a good and an apparent authority to sell and deliver, a payment to such person is good against the owner. There can be no doubt in this case that the plaintiff employed the broker or agent to sell. The broker was not only authorized to sell, but his act of selling was ratified by the plaintiff by his sending the goods.

The defendant testifies that he never had any notice that the agent was not the owner of the goods, and that " he (the agent) delivered the goods in my market himself." The defendant could well have inferred that the agent was the owner of the goods or part owner, as he did not disclose the fact that he was acting for any other party, and common honesty, it seems to me, required that plaintiff should have given notice when he sent the goods, upon the bill sent with them, that the purchaser should pay to no one but himself.

The plaintiff testified that he had since he had been in business given such a notice on his bills. The plaintiff employed the agent; he knew the relations that existed between them. He neglected to apprise the defendant of the agent's want of power to collect, and it was through his act of employing a dishonest agent that the loss occurred.

It may be that the weight of evidence is in favor of the plaintiff, but that is not sufficient to justify a reversal of the judgment. The agent when he went into defendant's store made the

remark "we deal heavily in foreign fruits," giving the defendant every reason to believe he was the principal, and defendant said he never had notice to the contrary. Under all the circumstances we think the defendant was justified in making the payment. At all events the jury so thought, and its verdict ought to stand.

Judgment of County Court reversed and judgment of justice affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment of the County Court reversed, with costs, and the judgment of the justice of the peace affirmed, with costs.