JOSEPH NEWMAN, Appellant and Respondent, *v.* EPHRAIM B. LEVY, Respondent and Appellant; JOHN LANZER, Respondent; PHILIP SEHRING and Others, Defendants. No. 1.

JOSEPH NEWMAN, Appellant and Respondent, *v.* EPHRAIM B. LEVY, Respondent and Appellant; JOHN LANZER, Respondent; PHILIP SEHRING and Others, Defendants. No. 2.

*Mechanic's lien — payment by an owner upon the order of a contractor — when it has precedence over the lien of a sub-contractor.*

The payment by an owner of real property, of an order drawn upon him by a contractor in favor of a third person, if made in good faith before the service of notice upon the owner of a sub-contractor's lien, and before the owner has any knowledge, in fact, of such lien, takes precedence over the lien of the sub-contractor, although at the time of such payment the lien of the sub-contractor had been filed.

CROSS-APPEALS by the plaintiff, Joseph Newman, and by the defendant Ephraim B. Levy, the owner of certain premises, from

a judgment of the Supreme Court in action No. 2 in favor of the defendant John Lanzer, for his claim and interest, entered in the office of the clerk of the county of Westchester on the 8th day of August, 1894, upon the report of a referee, and also an appeal by the plaintiff, Joseph Newman, from a judgment of the Supreme Court in action No. 1 in favor of the defendants, dismissing the plaintiff's complaint, entered in the office of the clerk of the county of Westchester on the 26th day of July, 1894, upon the report of a referee.

The actions were brought to foreclose certain mechanics' liens filed by sub-contractors, of which filing notice was given to the owner within ten days after the filing thereof.

*Milo J. White*, for the plaintiff, appellant.

*Seward Baker*, for the defendant, appellant.

*Duffey & Kiernan*, for the defendant, respondent.

PRATT, J.:

The mooted question in these two cases seems to be whether an order on Levy, the owner, given by Sehring, the contractor, in favor of J. A. and E. J. Wolff, should take precedence of a lien of Lanzer, a subcontractor, and should, I think, be decided in the affirmative on the ground that the payment of the order was made in good faith and for a valuable consideration before any service of notice of Lanzer's lien upon the owner Levy, and in fact before he had any knowledge that there was a lien.  (*Lauer* v. *Dunn*, 115 N. Y. 405.)

The statute on this point is specifically worded, " and after such service such owner or the person in interest shall not be protected in any payment made to such contractor or other claimant."  (Chap. 342, Laws of 1885, § 4.)  Hence it appears that service of notice of lien is necessary to fix the rights of the lienor as against the owner or person in interest.  In *Kenney* v. *Apgar* (93 N. Y. 541) it would appear that, although the service of the notice of lien is not necessary to the validity of the lien, it is necessary to prevent the payment by the owner to the contractor after the filing of the notice of lien to the prejudice of the lienor, and acts as a protection to the owner against his contractor's fraud.  If such notice is not served, or the owner informed of the lien, as

in *Kelly* v. *Bloomingdale* (139 N. Y. 343), all payments, accept-
ances, or other payments or advances, hold good as against the
lienor.   *McCorkle* v. *Herrman* (117 N. Y. 303) holds principally
that the lienor may subject the debt to a lien by filing his notice of
lien and taking the other steps prescribed in this act.   It also holds
that the filing of a notice of lien creates a lien, but, as the circum-
stances of the case were different from the present case, and the
point as to service of notice of lien upon the owner to prevent any
further payments to his contractor did not come up, it can hardly ·
be held an adjudication on the case herein.   In *Kelly* v. *Blooming-*
*dale* there was sufficient, although not technical, notice within the
statute given to the owner or party in interest, and throughout there
was a presumption of fraud on the part of the party owning, suffi-
cient to show that the owner sought to avoid the lien by collusively
paying his contractor when he was fully aware of the lien.

The time prescribed by the statute for the service of the notice
of lien on the owner or party in interest is ten days, and if such
notice is not served within that time, the owner or party in interest
is protected in any payment he may make to his contractor until
the next steps provided by the statute are taken, *i. e.*, service of
summons to foreclose the lien.   Now, if service of such notice is
necessary within ten days, and from the decisions it has been so
held that this notice was necessary for the protection of the owner
or party in interest against paying his contractor or any other party
claimant, it is unjust to so construe the statute that an owner acting
in good faith, and without notice, should be held to pay not only
what he owed his contractor, but also whatever any lienor claims
against said contractor, thus forcing him virtually to pay twice for
his houses.   In fact, the lienor, Lanzer, seeks to abrogate a specific
provision of the statute, although he was very careful to try to carry
it out by serving a notice of lien upon the owner Levy, and when
he found that Levy had paid or contracted to pay the Wolffs what
has been allowed by all parties to be an assignment *pro tanto* of all
funds in the owner's hands due the contractor at the time, he took
steps to push his whole lien upon the owner on the ground that the
payment to Wolff was subsequent to his lien and consequently void
as against him, holding that the filing of his notice of lien was suffi-
cient notice.   This statute was not enacted to be technically abused

in the obligations imposed on the lienor, and under it the owner has some rights, one of them being service of the notice of lien, which fact Lanzer has acknowledged by serving Levy, and now he tries to set aside his own act as unnecessary.

The citations in this case bear only on the particular points set forth in the cases to which they relate, and none bear upon the points in issue herein sufficiently to be conclusive in this case.

I think, therefore, that the payment of the order on Levy given by Sehring, his contractor, in favor of the Wolffs, is good and valid, and that the balance that Levy now acknowledges he owes Sehring, $821.87, should be the extent of Lanzer's lien. I also think, on principles of equity, that all the lienors should be awarded judgments against Sehring for the balance due them as sub-contractors and uncollected, with interest to date; also that no costs should be allowed against Levy except disbursements and costs up to the offer of judgment. The plaintiffs in both the actions should have been granted judgments against the contractor Sehring.

We think as between Lanzer and the other defendants the findings of fact and conclusions of law are correct, as his lien was prior in point of time and the description of the premises was sufficient.

This conclusion is applicable to action No. 2, and the other cases depending upon the result therein by implication. The judgment in that action is reversed and a new trial granted, costs to abide event.

In action No. 1, the only appellant being the plaintiff, and the only point made being that he should have been awarded a judgment against the contractor, the judgment is affirmed, with costs. The contractor did not appear in the action and there was no issue before the referee as to him. If plaintiff desires such a judgment he may apply for it at any time at Special Term.

BROWN, P. J., concurred.

Judgment in action No. 1 affirmed, with costs. In action No. 2 judgment reversed and new trial granted, costs to abide event.