ELIZA BECK and Another, Respondents, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY and Another, Appellants.

*Damages — caused by the operation of an elevated railroad — evidence of value, necessary to justify a recovery.*

In an action brought to recover fee damages to real estate alleged to have been caused by the construction and operation of an elevated railway, where no diminution of the value of the land in question is shown, in order to establish a right to recover it is necessary for the plaintiff to show that there has been some general advance in the value of property in the vicinity upon side or parallel streets not attributable to the elevated road, of which he has been deprived by the presence of the elevated railway structure in front of his property.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, made on the 7th day of December, 1894, and entered in the office of the clerk of the county of Kings upon the decision of the court rendered after a trial at the Kings County Special Term enjoining and restraining the defendants, their agents, successors or assigns, from maintaining or in any way using the elevated railroad in front of and adjoining the plaintiff's premises, and also from the decision upon which said judgment was rendered.

*William H. Page, Jr.,* for the appellants.

*Stephen M. Hoye* and *Francis Russell Whitney,* for the respondents.

BROWN, P. J.:

This is one of the usual actions in equity to recover damages for injuries to the easements pertaining to the plaintiffs' property caused by the erection, operation and maintenance of an elevated railroad in front thereof, and to restrain the defendants from further maintaining and operating said railroad in the street adjacent to plaintiffs' property.

Upon the trial no damages were awarded for loss of rental, but the sum of $250 was awarded for damages to the fee.

We are of the opinion that the testimony does not sustain the finding of the court, and the judgment must be reversed.

The plaintiffs purchased the property in January, 1888, for $4,500. At that time the railroad structure had not been erected in front of the property, but it was in process of erection, and the stone for the foundation for the pier was lying in the street. Upon the property was a frame building, to which an addition was erected by the plaintiffs, and since the purchase the upper part of the building has been occupied by the plaintiffs as a residence, and the other part as a manufactory for dolls and baby carriages.

The plaintiff George Beck testified that subsequent to the purchase of the property he was offered for it $7,000. Of the two witnesses called by the plaintiffs upon the question of value, one testified that the present market value of the property was $5,000, and the other that the present value of the lot without the building was $5,000. No diminution of valuation was, therefore, shown, and to establish a right to recover it was necessary for the plaintiffs to show that there had been some general advance in the value of property in the vicinity upon side or parallel streets, not attributable to the defendants' road, of which they had been deprived by the presence of the elevated structure in front of their property. No proof of that character was offered. Indeed, it appears clearly from the testimony of the plaintiffs' experts that there has been no general advance in value in the surrounding streets. The value of property in the vicinity has either remained stationary or retrograded, but this has been due to causes for which the defendants are in no way responsible.

The desire of people to live further out along the railroads, where newer buildings afford them better accommodations for less money,

and the erection of large stores in other parts of the city, which have drawn to themselves business that was formerly done in smaller stores in the vicinity of plaintiffs' property, have changed the character of the neighborhood and lessened the value of rents for store or residential property.

The general opinion of the witnesses appears to be that the buildings on the plaintiffs' property are worthless in any estimate of the market value thereof, and we have the fact, therefore, clearly established that their land is worth more at the present time than when they purchased it.

The judgment must be reversed and a new trial granted, costs to abide the event.

CULLEN and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.