THEODORE V. SMALLEY, Appellant, v. THE FULTON BANK, Respondent.

*Debtor and creditor — credibility of testimony, a question for the jury — ratification and acquiescence, when questions of fact.*

Although the testimony of a party may seem improbable the question of his credibility is to be decided by the jury.

The check of a depositor in a bank was used by it to make good a defalcation of its teller ; the customer, who supposed that the check was to be applied to the payment for silver delivered by the bank to him, after learning of the use to which the check had been put, sought to indemnify himself against loss by procuring the note of the teller's father for a like sum, which note was not paid.

*Held,* that this act was not in itself a ratification by the depositor of the disposition of the check made by the bank.

It appeared that the bank held a large amount of the securities of the depositor, so that he was to a certain extent in its power, and, after the transaction complained of, the depositor (his account having been overdrawn by the check in question) obtained further loans from the bank which made the account good, and subsequently he permitted the account to be closed upon the basis of the payment of the check.

*Held,* that while these transactions tended to show a ratification of the acts of the bank in the premises they were not conclusive and presented questions of fact for the jury.

APPEAL by the plaintiff, Theodore V. Smalley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 25th day of May, 1894, as amended by an order of said court, made at the Kings County Special Term and entered in said clerk's office on the 12th day of September, 1894, dismissing the complaint upon the merits after a trial at the Kings County Circuit before the court and a jury, and also from so much of said order as amended the minutes of the action and said judgment so as to make the dismissal of the complaint to be " upon the merits."

*Salter S. Clark,* for the appellant.

*William N. Dykman,* for the respondent.

CULLEN, J. :

This is an appeal from a judgment for the defendant entered on a dismissal of the complaint on the merits at Circuit.

The action is to recover $10,000, an alleged balance of deposit with the defendant, and the sole dispute is whether a check for that amount, dated August 31, 1888, was properly charged to the plaintiff's account. The complaint was dismissed at the close of the plaintiff's testimony; so we have only his version of the matter, and the question is whether he made out a claim which should have been submitted to the jury.

The plaintiff testified that he was not only a depositor with defendant, but acted as a broker selling for the bank its silver coin. The course of business between the parties was, that each week the plaintiff would give the defendant a check signed by him, but blank in other respects; that at times during the week he would take from the bank its silver, and the amounts taken be written on the back of this check; at the commencement of the next week he would give the defendant a check on a New York bank to pay for the silver taken the previous week, and at the same time the blank check with the indorsement thereon would be destroyed and a new blank check given by him. His account of the giving of the check in dispute is that it was one of the old memorandum checks which should have been destroyed; that it was produced to him on this occasion with indorsements on it to an aggregate of $10,000 ; that he disputed his receipt of that amount during the past week, but, on being urged by the president and cashier, signed the check; he then left the bank with the paying teller; was told that it was not to pay for silver but to pay the amount of the teller's defalcation that the check was needed. He then went to the teller's father, who gave him a note for the sum, payable at another bank the next day. The note was not paid. Within the next week he went to the bank several times and protested that the check was improperly charged to him, and, finally, on September seventh, closed his account by drawing out the balance that appeared to his credit on the books of the bank.

The defendant's answer alleged that the check was given to make good the deficiency or debt of the teller.

The story told by the plaintiff is certainly a singular one, but its credibility was for the jury. If believed, it showed that the check was given by him under a mistake of fact, not in payment of the teller's defalcation, but upon the claim that he was indebted to the bank for silver. The answer of the defendant narrowed the issue between the parties to the claim that this check was given for the teller's debt, for it admitted all the deposits alleged in the complaint, and also the credits therein given to the defendant. It was, therefore, not necessary for the plaintiff to go further than to disprove the allegation of the answer in this respect and show under what circumstances the check was given. But if further evidence than the allegation of the answer were necessary to show that there was no debt from the plaintiff to defendant on account of silver, we think such fact appeared on the trial. The plaintiff testified that he appeared before the president and directors with reference to his claim. That the president told him that when he (plaintiff) took the teller's father's note he discharged the bank. The failure of the defendant to make any claim at that time for silver given plaintiff is sufficient to show that such claim did not exist. Therefore, the plaintiff was entitled to go to the jury despite the improbability of his story, unless it appeared that he subsequently ratified the appropriation of the check to payment of the teller's debt.

The first act which it is claimed is a ratification is the receipt by the plaintiff of the note of the father of the teller payable the next day. This did not conclusively establish the assumption of the teller's debt. The plaintiff had, according to his story, unknowingly given the check which was used for that purpose. He had a good defense to the check, but still he had executed an instrument which *prima facie* constituted an obligation against him. He might be justified in obtaining indemnity against the danger of liability on the instrument without estopping himself from denying his liability.

The second claim of ratification is based upon the dealings between the plaintiff and defendant after the former knew of the object to which his check had been appropriated. The disputed check overdrew the plaintiff's account almost to its face amount. He then obtained loans from the defendant which made his account good.

These loans he afterwards paid. His pass book was balanced on September seventh, with the charge of the disputed check, and he drew out this balance, thus closing his account. These transactions doubtless tended to prove a ratification and acquiescence by the plaintiff in the appropriation of his check, but still they merely presented a question of fact for the jury, and, in the light of other testimony by the plaintiff, were not conclusive. He testified that during this period he continuously denied his liability on the check, and, further, that during the whole time the defendant held his securities to the extent of $37,000. If this was the fact he was, to a certain extent, in the power of the defendant. There was a duress of goods. As to the notes given by the defendant, they were not for this particular claim, but applied on his general account. The plaintiff could undoubtedly, in an action on those notes, have counterclaimed for his deposit balance or the misappropriation of his check, but he was not bound to do so. He could pay the notes and retain his affirmative cause of action against the defendant.

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.