and Others, Constituting the Board of Police of the City of Buffalo, Respondents.— Order affirmed, without costs.

Nancy McConnell, Respondent, v. The National Life Association of Hartford, Conn., Appellant.— Judgment and order affirmed.

**Motions.**

Mary E. Hoefler v. Mary R. Hoefler.— Motion denied, without costs.

Henry M. Davis, Appellant, v. Benjamin Aikin,

Respondent.— Motion to amend memorandum decision so as to read " judgment of the County Court reversed and that of the justice affirmed," granted.

Phoeby J. Colby v. Edward J. Colby, by Guardian.— Motion granted.

In the Matter of the Application of the Auburn City Railway Company for the Appointment of Commissioners to Determine whether the Street Railway ought to be Constructed in West Genesee Street in the City of Auburn.— Report of the commissioners confirmed.

## SECOND DEPARTMENT, JUNE TERM, 1895.

James E. Boyd and Others, Respondents, v. Joseph H. Miller and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: We think it sufficiently appears that the moving parties have acquired a lien on defendants' property subsequent to the attachment. The affidavit of Matthews states that the sheriff has taken possession of the property of defendants under the attachment and is now in possession thereof, and that the execution of Matthews was thereafter duly issued and levied " on the attached property." That sufficiently describes the property and shows it to be now held subject to the two proceedings. We are thus brought to the question whether the attachment was granted upon sufficient grounds The attachment is stated to issue on the ground that defendants have assigned or disposed of, or are about to assign or dispose of, their property with intent to defraud their creditors. We think that the affidavits contain evidence from which the Special Term judge might fairly draw the inferences necessary to sustain the attachment. The creditor recites his conversations with defendants; their statements and the contradictions of their sister, to whom they claimed to have transferred their assets, are given at length, and we cannot say that the conclusion was unwarranted that defendants intended to transfer their property in fraud of their creditors. Just what had been done, and just what was intended to be done, it might not be easy to determine as the statements made were conflicting, but we think enough appeared to sustain the attachment. Order appealed from affirmed, with costs. Dykman, J., concurred; Brown, P. J., not sitting.

Nason Ice Machine Company, Appellant, v. William L. Hermance, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Dykman, J., not sitting.

In the Matter of Joseph F. Hanley.— Order affirmed, with costs.—

PRATT, J.: The surrogate directs a judicial settlement of the account of Anna T. Murphy as general guardian of Joseph F. Hanley. It is objected to on the ground that in a pending partition suit Joseph F Hanley has pleaded that Anna T. Murphy has collected rents belonging to Hanley for which an account is asked. The pleadings before the surrogate show that the rents are not matters for which an account is claimed. It follows that full relief cannot be given in the partition suit, and the accounting before the surrogate is necessary. Order appealed from affirmed, with costs. Brown, P. J., and Dykman. J., concurred.

Henry W. Cromwell, as Administrator, etc., Respondent, v. Henry Hall, Appellant.— Judgment reversed, with costs.—

BROWN, P. J.: The notice of appeal, not containing any demand for a new trial, raised questions of law only, and it was the respondent's duty, if there was any other evidence than that contained in the appeal book, to have caused such evidence to be inserted in the justice's return. (*Halpin* v. *Phenix Insurance Co.*, 116 N. Y. 165.) The justice's return, however, states that it contains all the testimony given on the trial, and the question presented is whether there is any evidence to support the verdict. The testimony in the justice's return does not show any indebtedness of the defendant to the plaintiff, and it is absolutely impossible on any view of the case to ascertain how the jury arrived at their verdict. The judgment is wholly unsupported by the testimony, and as we cannot, upon the record before us, indulge in any presumption in the respondent's favor, it should be reversed. Dykman and Pratt, JJ., concurred.

Granite State Provident Association, Appellant, v. Michael E. McHugh, Respondent.— Order affirmed, with ten dollars costs and disbursements.—

BROWN, P. J.: This is an appeal from an order resettling a decree of foreclosure. McHugh had a mechanics' lien upon the mortgaged premises, which attached after $10,500 had been advanced on plaintiff's mortgage. After the lien was filed, other advances were made on the mortgage up to $15,000. The court decided that McHugh's lien and his costs must be paid after the plaintiff was paid $10,500 and his costs. By inadvertence he gave an allowance of $200 to the plaintiff. to be paid before McHugh's lien and costs. The decree as resettled corrects this and makes the allowance payable after McHugh is paid. This is right. It was discretionary at all events with the trial court, and the order should be affirmed, with ten dollars costs and disbursements. Dykman and Pratt, JJ., concurred

Catherine Schoonmaker v. Leonard Blass (No. 2).— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

In the Matter of the Application of Augustine R. McDonald for leave to intervene.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

James H. Perkins v. James Gordon Bennett.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

Timothy Gannon v. The County of Queens, etc.— Appeal of Timothy Gannon from judgment entered October twenty-fifth is dismissed, with ten dollars costs.

Joseph Newman, Appellant, v. Ephraim B. Levy and Others, Respondents.— Motion denied.

Charles E. Maxfield, Respondent, v. Oliver L.

88  617
147a 702

Carpenter, Appellant.—Motion for reargument denied, with costs.

Samuel W. Hastings, Late Constable, etc., Appellant, v. Jacob Nagel and Others, Respondents.—Motion for reargument denied, with costs.

Joseph Newman v. Ephraim B. Levy and Others.—Motion for leave to appeal to the Court of Appeals denied, without costs.

Matter of the Petition of the Brooklyn Elevated Railroad Company Relative to Acquiring Title to Real Estate or a Right of Way on Myrtle Avenue in the City of Brooklyn, Parcel No. 198.—Order denying motion to dismiss appeal of plaintiffs from final order confirming report.*

Theodore V. Smalley, Plaintiff, v. The Fulton Bank, Defendant.— Order reversing judgment and ordering a new trial granted, with costs to abide event.

The People of the State of New York ex rel. Cunningham and Another, Respondents, v. Thomas A. Wilson and Others, Appellants, Composing the Board of Assessors of the City of Brooklyn.— Order dismissing appeal from judgment granted and signed.

Eliza Beck and Others v. The Brooklyn Elevated Railroad Company and Others.— Order of General Term modifying judgment by striking out words " with costs and disbursements," granted.

Village of Flushing, Respondent, v. Patrick Carraher, Appellant.— Motion for leave to go to the Court of Appeals denied.

Emma Bryan v. Louis J. Grant.— The proof and order are in accordance with the decree of the court and are settled in accordance therewith.

Emma Bryan v. Louis J. Grant.— Proposed order denying the proposed order is in accordance with the decree of the court and is settled in accordance therewith.

Phebe A. Henderson v. Caroline I. Hadden and Others.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

In the Matter of the Probate of the Last Will and Testament of Joseph Cohen, Deceased. — Motion is denied, but appeal will be dismissed at the next term if appellant is not then ready to argue.

Henry Bereau v. Daniel O'Connell.— Motion to vacate order of February 11, 1895, denied.

Samuel J. Campbell v. Albert Friedlander and Another.— Appeal taken from order of Justice Smith February 27, 1895, dismissed, with ten dollars costs to respondents.

John Enscoe v. New York and Rockaway Beach Railway Company.— Appeal from judgment entered February 21, 1894, dismissed, with costs.

Bernard Schaeffer v. Henry Erlenmayer and Others.— This motion is for Poughkeepsie. We cannot, therefore, grant the motion.

Mary Ann Durland v. Jesse Durland, as Executor, etc.— Ordered that the order of this General Term, dated December 10, 1894, be amended by inserting therein after the word "reversed" the words "on both questions of law and questions of fact."

Matilda R. Watrous, Appellant, v. Ellen E. Low and Others, Respondents.— Motion to dismiss appeal denied upon condition that the appellant duly serve her case on appeal and argue said appeal at the term of this court for the second Monday of September, 1895, otherwise said motion is granted.

In the Matter of the Judicial Settlement of the Accounts of Josephine T. Dusenbury, etc., Administratrix. — Appeal dismissed, with ten dollars costs, and case stricken from calendar. Order signed.

Charles N. Hildreth v. Thomas W. Willets and Others. — Appeal taken from order dismissed, and order affirmed, with ten dollars costs and disbursements.

People ex rel. Robert Lee and Others v. The Village of College Point and Others.— Motion to resettle order denied.

John Sutherland v. The City of Brooklyn, impleaded with Others.— Order reversing judgment and granting new trial, with costs to the appellant to abide the event. Signed.

Matter of the Accounting of the Brooklyn Trust Company, as Executor of John G. Kimm.— Order affirming order made by surrogate, without costs.*

---

# FOURTH DEPARTMENT, JULY TERM, 1895.

Ella I. Baskin, Appellant, v. Mary E. Ingalls and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements.— MARTIN, J. : This action was for the partition of certain real property situated in the county of Schuyler, of which Ebenezer Ingalls died seized. The plaintiff was his daughter, the defendant Mary E. Ingalls his wife, and Charles W. Ingalls his son. He devised to each one-third of the real estate of which he died seized. After the testator's death the plaintiff commenced this action. William M. Pellett and Matilda Fiero were made defendants, and answered, denying that the decedent was seized in fee simple and possessed of the land known as the Fiero house and lot. They also alleged that the lot in question was owned by the defendant Pellett in 1883, subject to a written contract to sell the same to the defendant Fiero; that subsequently he sold and assigned his interest in such contract to the testator, and conveyed to him the title to such land subject to such contract, as a security for money; that such assignment was still in force; that the defendant Fiero had occupied the lands under such contract since it was made, and made payments thereon to the decedent and his executors, and that the only interest the decedent or his executors had in said land was a chattel interest as security for the payment of $700 and interest from the 16th of June, 1883. It appeared from the papers read upon this motion that, after issue was joined and while the action was pending, the defendants, Mary E. Ingalls and Charles W. Ingalls, personally, and as executor and executrix of the last will and testament of Ebenezer Ingalls, deceased, Mary E. Ingalls, as trustee thereunder, and the plaintiff in this action, made and entered into an agreement whereby the matters in dispute between them were to be settled, and the lands described in the complaint divided, with the exception of the Fiero house and lot, and the question whether as between the parties that was real or personal property was to be submitted to Hon. O. P. Hurd for determination. It held to be realty, then the plaintiff was to receive one-third thereof. After this agreement was made and executed by the parties, the attorney for the answering defendants, among whom were Mary E. Ingalls. Charles