PEOPLE ex rel. McCOLGAN v. PALMER.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

1. SALES FOR TAXES—RECOVERY OF SURPLUS.
    The owner of land sold for taxes can insist that the tax sale shall stand, and can recover any surplus (Laws 1888, c. 583), over the amount due for taxes and expenses, arising on such sale.

2. ESTATE—WHAT IS—REDEMPTION FROM TAX SALES.
    An inchoate right of dower is not such "an estate" as gives a wife the right, under Laws 1888, c. 583, § 5, to redeem land sold for taxes.

Appeal from special term, Kings county.

Application by Edward McColgan for a writ of mandamus to compel George W. Palmer, comptroller of the city of Brooklyn, to

pay relator two-thirds of the surplus money arising from the sale for taxes of certain premises in the city of Brooklyn, and to retain and invest the balance of said surplus and pay the income to relator, during the joint lives of himself and his wife, and on her death to pay said balance to relator, or, in case of the death of said McColgan, to dispose of the said balance for the city of Brooklyn. From an order granting a peremptory writ, defendant appeals   Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Michael Furst, for appellant.
A. L. Sessions, for respondent.

CULLEN, J.   The relator is the owner of certain property in the city of Brooklyn, which, on the 10th day of April, 1895, was sold by the registrar of arrears of said city for arrears of taxes, to one John H. Becker, for the sum of $1,225. The sum realized by the sale resulted in a surplus, over and above the amount due the city for taxes and expenses, of $1,182.11. The tax purchaser has given the relator no notice of such sale. On May 28, 1896, the relator applied for a writ of mandamus, directing the comptroller of the city to pay over to him the amount of such surplus. From an order granting such application this appeal is taken.

By section 6, tit. 8, of the charter of the city (chapter 583, Laws 1888), it is directed that any surplus arising on a tax sale "shall be held for the use of and paid over to the person legally entitled upon establishing his right thereto." It is not disputed that the plaintiff is the sole owner of the land sold, free from any incumbrance except the dower of his wife. As was intimated in Sutherland v. City of Brooklyn, 87 Hun, 187, 33 N. Y. Supp. 959, the owner has a right to insist that the tax sale shall stand, and take the surplus arising on the sale, instead of redeeming his property. The statute expressly gives him the right to such surplus. No liability can now accrue from the city to the purchaser at the tax sale on account of any defect in the proceedings for sale, as, by section 4 of the title cited, the city is only bound to refund the purchase money if the title conveyed by the sale is invalid, in case the purchaser has, within one year after the sale, caused notice of the sale to be served on the persons entitled to redeem the lands. Over a year elapsed from the time of the sale to the time of this application.

The only question remaining is whether the wife of the relator has such an interest in the lands as would enable her hereafter to redeem, and defeat the title of the tax buyer. The language of the statute (section 5) is:

"Any person or persons having an estate in or any mortgagee of any of the lands and premises sold in pursuance of the third section of this title, whose estate or lien appears of record in the county of Kings, may at any time before the expiration of one year after notice shall have been given to him of such sale * * * redeem such lands and premises," etc.

It is settled by authority that a wife, during the lifetime of her husband, has no estate in the land of the latter. In Moore v.

Mayor, etc., 8 N. Y. 110, it was held that the wife had no estate as against proceedings for condemnation. The same principle was also held in Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649. In Clifford v. Kampfe, 147 N. Y. 383, 42 N. E. 1, the right of a wife to maintain an action to set aside a deed by which, apparently, her inchoate right of dower was transferred, was upheld; but, while it was held that her inchoate right of dower was a valuable interest, entitled to protection, the rule was recognized that such interest did not amount to an estate or title. By the language of the section cited, the right to redeem is limited to persons having an estate in or mortgage upon the lands, whose estate or liens appear of record in the county of Kings. The interest of the wife does not fall within the language of the provision, for she has no estate; nor does it fall within its spirit, for there can be no record which would give the tax purchaser any notice or information whether the owner of the land was married, or, if married, who his wife might be. We are of opinion, however, as stated in Sutherland v. City of Brooklyn, supra, that the relator, as a condition of obtaining this surplus, should execute a release of all his interest in the land to the tax buyer, which release should be delivered to the comptroller for the purchaser's benefit.

The order appealed from should be affirmed, with costs, upon the relator executing the release above prescribed. All concur.