(100 N. W. 723.)

---

W. C. CRUSER AND W. J. BAKER v. ERASTUS A. WILLIAMS.

Opinion filed July 12, 1904

**Taxation — Jurisdiction Rests Upon the Fact, Not the Proof of Service of Process.**

1.  Section 4 of chapter 67, p. 78, Laws 1897, which is an act to enforce the payment of real estate taxes through the medium of a judgment and a sale thereunder, requires the publication of a notice and list and the filing of an affidavit of publication with the clerk. It is *held*, on an attack upon the validity of a tax judgment: (1) That the evidence is not sufficient to overcome the presumption that the affidavit of publication was filed; and (2) that jurisdiction to enter the judgment was given by the fact of publication, and not by the filing of the affidavit. Emmons County v. Thompson, 84 N. W. 385, 9 N. D. 605, followed.

**Until Redemption, Certificate of Sale Is Evidence of Lien Only.**

2. All sales under the above chapter are subject to redemption, and until the right of redemption is eliminated the sheriff's certificate of sale is evidence of a lien only.

**Notice of Expiration of Period of Redemption — Burden of Proof.**

3. The redemption period does not terminate, or the certificate of sale mature, or title pass, until the statutory notice of the expiration of redemption has been given, and proof thereof filed; and the burden of proving such service and filing is upon the person asserting title thereunder.

Appeal from District Court, Emmons county; *Winchester, J.*

Action by W. C. Cruser and W. J. Baker against Erastus A. Williams. Judgment for plaintiffs, and defendant appeals.

Reversed.

*Herried & Williamson* and *J. H. Wishek,* for appellant.

The holder of a certificate of sale under the Woods law has not the fee simple title until it is perfected by serving notice of expiration of period of redemption, and filing proof of such service with the clerk. No affidavit of service was filed and there was no record of such filing. The clerk, as a court, was exercising special statutory powers in contravention of the common law in a summary way, and nothing will be presumed in favor of the judgment, but the record must show jurisdiction. Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959; Thatcher v. Powell, 6 Wheat. 119, 5 L. Ed. 221; 12 Am. & Eng. Enc. Law (1st Ed.) 271-277; Emmons County v. Lands of First Nat. Bank of Bismarck, 9 N. D. 583, 84 N. W. 379.

Where want of jurisdiction exists no statute of limitations will run. Roberts v. First National Bank, 8 N. D. 504, 79 N. W. 1049.

Possession of land stops the running of the statute of limitations. Baker v. Kelly, 11 Minn. 480; Cooley on Con. Lim. 455.

*Shellenberger & Bryan* and *George W. Lynn,* for respondents.

It is incumbent upon appellant to show the giving and filing of the notice of expiration of redemption. No notice of expiration of the right of redemption was given, and consequently no proof of the service thereof is required to be given, where the land is bid off by, or in the name of, the state. State of Minnesota ex rel Western Land Association of Minnesota v. Smith, Co. Auditor, 36 Minn. 456, 32 N. W. 174.

YOUNG, C. J.  The plaintiffs bring this action to determine ad-
verse claims to 160 acres of land situated in Emmons county.  Their
claim of title rests upon a sheriff's certificate issued upon a sale
under a tax judgment which was entered pursuant to the provisions
of chapter 67, p. 76, Laws 1897.  The title of the defendant comes
directly from the United States government, and it is conceded
that he is the owner of the land, unless his title was divested by the
tax judgment and sale.  The trial court found for the plaintiffs upon
all of the issues, and entered judgment sustaining their alleged title
and right of possession.  The defendant appeals from the judgment,
and demands a review of the entire case in this court.

The appellant urges two grounds for reversal:  (1) That the
tax judgment was entered without jurisdiction, and is void; and (2)
that, even if the judgment is valid, title did not pass to plaintiffs,
for the reason that notice of expiration of redemption was not served
and filed.

In support of their objection to the validity of the judgment
it is claimed that no affidavit of publication of the list was filed with
the clerk of the district court, as provided for in section 4 of the
above act.  This section, in addition to requiring the publication
of the list in a newspaper designated by the county commissioners,
provides that the owner, publisher, manager or foreman of the same
"shall make and file with the clerk of the district court an affidavit
of such publication."  The objection that the affidavit of publication
was not filed has no sufficient foundation in fact.  Plaintiffs offered
the certificate of sale in evidence.  Section 15 provides that: "The
certificate shall in all cases be prima facie evidence that all the
requirements of law with respect to the sale have been duly complied
with, and no sale shall be set aside or held invalid unless the
party objecting to the same shall prove, either that the court render-
ing the judgment pursuant to which the sale was made had not
jurisdiction to render the judgment, or, that after the judgment
and before the sale, such judgment had been satisfied."
Presumptively, then, the judgment is valid, and the burden
of sustaining an attack upon the jurisdiction is upon the
plaintiffs.   In this they have failed.  The only evidence offered
for that purpose was that of the clerk of the district court, who
testified that he had examined his files, and could not find the affidavit
or any record of its filing.  He did not state that it
had not been filed; neither did he state that it was not then on

file. This testimony is entirely too indefinite to overcome the presumption that all of the requirements of the law were complied with and that the affidavit was filed. But were the fact otherwise, it would not alter our conclusion as to the validity of the judgment, for there is neither pretense nor proof that the list was not in fact published; and this court has held, in construing this particular section, that it is the fact of publication, and not the proof of it, which gives jurisdiction. Emmons County v. Thompson, 9 N. D. 598, 605, 84 N. W. 385, and cases cited. See, also, Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319; Kipp v. Fullerton, 4 Minn. 473 (Gil. 366); Com'rs v. Morrison, 22 Minn. 178; Hoyt v. Clark, 64 Minn. 139; 66 N. W. 262; Frisk v. Reigelman, 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766, 17 Am. St. Rep. 198.

The second ground urged for reversal is meritorious, and must be sustained. In our opinion, the evidence wholly failed to show that the defendant's title has been divested. The only evidence offered by the plaintiffs to establish their title consists of (1) a sheriff's certificate of sale issued to the county, and (2) the auditor's assignment of the same to them. It appears from the recitals in these instruments that a judgment for delinquent taxes was entered against the land in question on October 4, 1897; that at the sale thereunder, which occurred on December 6, 1897, the land was bid in by the county for want of individual purchasers; and that on July 8, 1899, which was less than two years after the sale, the county assigned its interest to the plaintiffs, who paid the amount due on the certificate and all subsequent taxes, penalty and interest. These facts do not show that the plaintiffs have acquired anything more than a mere lien. All sales under chapter 67, p. 76, Laws 1897, are subject to redemption, whether to the county or to individual purchasers. Section 20 gives to any person having an estate or interest in the property a full period of two years in which to redeem. · But time is only one of the elements necessary to eliminate the right of redemption and terminate the redemption period. Service and filing of the notice of expiration is also essential. Section 14 requires notice of the expiration and maturity of the certificate to be given by "the holder of any certificate," and declares that "the fee simple of any piece or parcel of land named in any certificate shall not vest in the holder thereof until the notice provided for herein is given and due proof thereof filed with the clerk of the district court." We have just held, in the

case of Darling and Angell v. Purcell, 100 N. W. 726, 13 N. D. 288, that the right of redemption under this statute is not eliminated, and the time for redemption does not expire, or the certificate mature, until the notice of expiration has been served and filed. In this case no proof of the service and the filing of the notice of expiration of the redemption period was offered. Standing alone, the certificate is evidence merely of a lien, and it is only when accompanied by proof of service and filing of the notice of expiration of redemption that it becomes evidence of title, and the burden is upon the person asserting title under the certificate to prove that such notice has been duly served and filed. Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565; Nelson v. Central Land Company, 35 Minn. 408, 29 N. W. 121. The plaintiffs have proved only a lien, and the court was in error in adjudging that they have title.

The trial court is accordingly directed to set aside the judgment appealed from, and to enter judgment confirming the plaintiff's lien. Appellant will recover costs in both courts. All concur.