case of Darling and Angell v. Purcell, 100 N. W. 726, 13 N. D. 288, that the right of redemption under this statute is not eliminated, and the time for redemption does not expire, or the certificate mature, until the notice of expiration has been served and filed. In this case no proof of the service and the filing of the notice of expiration of the redemption period was offered. Standing alone, the certificate is evidence merely of a lien, and it is only when accompanied by proof of service and filing of the notice of expiration of redemption that it becomes evidence of title, and the burden is upon the person asserting title under the certificate to prove that such notice has been duly served and filed. Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565; Nelson v. Central Land Company, 35 Minn. 408, 29 N. W. 121. The plaintiffs have proved only a lien, and the court was in error in adjudging that they have title.

(100 N. W. 721.)

---

CHARLES W. DARLING AND E. D. ANGELL v. W. E. PURCELL, E. A. DIVET AND J. A. SLATTERY.

Opinion filed July 12, 1904.

**Resolution Designating Newspaper Under "Woods Law" Sufficient — Absence of County Seal Does Not Invalidate.**

1. Section 4, c. 67, p. 78, Laws 1897, relating to the enforcement of real estate taxes by judgment and sale, requires the county auditor to file with the clerk of the district court a certified copy of the resolution of the county commissioners designating the newspaper in which the notice and list is to be published, but prescribes no form of certificate, and does not expressly require that it shall be under seal. It is *held* that the certified copy set out in the opinion was sufficient, and that the absence of the county seal does not render it invalid.

**Deviation in Published List, as to Phraseology and Arrangement, Not Fatal.**

2. Deviations in the published list from the list filed in matters of phraseology and arrangement, which do not affect the substance, and are not misleading as to the facts which the statute requires to be stated in the list, are not fatal to its validity.

**Error in Computation of Interest and Penalty Does Not Affect Judgment.**

3. This act (laws 1897, p. 79, c. 67, section 6) makes it the duty of the clerk, in default of answer, to enter judgment for the amount

of the tax, penalty and interest stated in the list, and the fact that the county treasurer made an error in computing and stating the amount of interest and penalty did not affect the jurisdiction of the court to enter judgment for the amount stated.

### Sale for Greater Sum Than Is Due Does Not Invalidate.

4. The fact that a sale under a valid judgment is made for a greater amount than is due does not render it invalid, and is not one of the grounds upon which a sale may be set aside.

### Certificate of Sale the Only Muniment of Title, Which Is Complete at End of Redemption Period.

5. All sales under chapter 67, p. 76, Laws 1897, are subject to redemption. The certificate of sale is the only muniment of title issued by the county, and title passes by operation of law when the redemption period has expired, and not before.

### Notice of Its Expiration Essential to Terminate Redemption Period.

6. Service of notice of expiration of redemption, and filing of proof thereof with the clerk of the district court, is essential to terminate the redemption period. The holder of a certificate may, by timely service, limit the redemption period to two years, but the effect of delay in such service and filing is to postpone the expiration of the redemption period and the maturity of the certificate; and until service is made and proof filed the certificate, whether held by an individual or by the county, does not ripen into title.

### Assignment of Certificate of Sale by County Is Effective When Required Payment Therefor Is Made.

7. Section 19 of this act (Laws 1897, p. 86, c. 67) gives to the county treasurer authority to assign certificates held by the county upon payment of the amount due thereon, with all subsequent taxes, penalties and interest. It is not essential to the validity of an assignment executed under this power that the payment of the amount due shall be completed when it is delivered. When the required payments are in fact made, although at a later date, the assignment becomes effective, and is valid.

Appeal from District Court, Sargent county; *Cowan, J.*

Action by Charles W. Darling and E. D. Angell against W. E. Purcell and others. Judgment for defendants, and plaintiffs appeal. Reversed.

*J. E. Robinson, Newman, Spalding & Stambaugh* and *Wicks, Paige & Lamb,* for appellants.

The tax judgment is void.

Certificate to copy of resolution designating paper, does not show that it is a copy, and is fatally defective. Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

Certified copy of such paper must be filed with the clerk of court. Cass County v. Security Improvement Co., 7 N. D. 528, 75 N. W. 775.

The word "seal" within a scroll is not a sufficient representation of the county seal, or official seal of the county auditor. Hiles v. Atlee, 62 N. W. 940.

Advertisement must correctly state the amount of tax. Cooley on Taxation, 935. A tax judgment for an excessive amount is void. Coombs v. Goff, 20 N. E. 9; Fuller v. Shedd, 44 N. E. 286.

The sale is void; it was made on a judgment that included an illegal item of sheriff's fees. Wilson v. Cass County, 8 N. D. 456, 79 N. W. 985.

Where the statute provides a particular form of tax certificate or tax deed, it must be strictly pursued, or such deed or certificate will be void. Hubbell v. Campbell, 56 Cal. 527; Grimm v. O'Connell, 54 Cal. 522; Lain v. Cook, 15 Wis. 446; Haller v. Blaco, 4 N. W. 362; Thompson v. Merriam, 20 N. W. 24.

The certificate described only one tract sold for $22,344.58. It should state the amount that each tract was sold for. Laws of 1897, page 84. The assignment of the tax certificate is void, as it was made more than two years from date of sale. Laws of 1899, page 85. The tax deed is void on its face. The tax deed is signed by the county auditor without any designation of his official capacity. Such deed is void. 2 Blackwell on Tax Titles, sections 865, 870; Spear v. Ditty, 9 Vt. 282; Isaac v. Shattuck, 12 Vt. 668.

Where the statute does not prescribe the form of tax deed, the conditions from which the power arises must be recited therein. Cooley on Taxation, (3d Ed.) 997; Cogel v. Ralph, 24 Minn. 198; Bonham v. Weymouth, et al., 38 N. W. 805; Call v. Dearborn, 21 Wis. 510; Baldwin v. Merriam, 20 N. W. 250; Ludden v. Hansen, 22 N. W. 766; West v. St. Paul & N. P. Ry. Co., 41 N. W. 1031; Gilfillan v. Chatterton, 37 N. W. 583.

The tax title is void as no redemption notice was served. Cooley on Taxation (3d Ed.) 1034; Smith v. Smith, 32 N. W. 174.

Statutes of limitation, in tax matters, have no force against jurisdictional defects, such as appear in this case. Roberts v. First National Bank of Fargo, 8 N. D. 504, 79 N. W. 1049; Hegar

v. De Groat, 3 N. D. 354, 56 N. W. 150.  Such a statute merely fixes a time when a bad title or a void procedure ripens into a good title.  It does not give repose to possession.  Cooley on Taxation (2d Ed.) 555, 567; Cooley's Con. Lim. 447, 449; Grosbeck v. Seeley, 13 Mich. 329; Baker v. Kelly, 11 Minn. 480; Conway v. Cable, 37 Ill. 82; Waln v. Shearman, 8 Sargent & Rawley, 357; Kipp v. Johnson, 31 Minn. 360; Farrar v. Clark, 85 Ind. 449; Gave v. Root, 93 Ind. 256; Case v. Dean, 16 Mich. 12; Quinlan v. Rogers, 12 Mich. 168; Baldwin v. Merriam, 20 N. W. 250; Feller v. Clark, 31 N. W. 175; Blackwell on Tax Titles (5th Ed.) 895, 897, 944, 945; Cooley on Con. Lim. (6th Ed.) 449; Cooley on Taxation (2d Ed.) 557.

A strict construction is always given to statutory proceedings to divest a citizen of his property for a nominal consideration. Farrington v. N. E. Investment Co., 1 N. D. 102, 45 N. W. 191; Power v. Bowdle, 3 N. D. 107, 54 N. W. 404; Power v. Larabee, 2 N. D. 141, 49 N. W. 724; O'Neill v. Tyler, 3 N. D. 47, 53 N. W. 434; Swenson v. Greenland, 4 N. D. 532, 62 N. W. 603; Roberts v. First Nat. Bank of Fargo, 8 N. D. 504, 79 N. W. 1049; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97; Security Imp. Co. v. Cass County, 9 N. D. 553, 84 N. W. 477; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Hegar v. De Groat, 3 N. D. 354, 56 N. W. 150.

A tax title is purely technical as distinguished from a meritorious one, and depends for its validity on a strict compliance with the statute.  Black on Tax Titles, section 409; Kern v. Clarke, 60 N. W. 809; Bendixon v. Fenton, 31 N. W. 685; Haller v. Blaco, 4 N. W. 362; Hiles v. Atlee, 62 N. W. 940; Salmer v. Lathrop, 72 N. W. 570.

*Purcell, Bradley & Divet,* for respondents.

The "Woods Law," so called, is constitutional.  It was adopted from Minnesota and has been there sustained.  Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241; Emmons Co. v. Lands of First Nat. Bank of Bismarck, 9 N. D. 583; 84 N. W. 379; Emmons Co. v. Thompson, 9 N. D. 598, 84 N. W. 385; State v. Lands of Redwood County, 42 N. W. 473; Winona and St. Peter Land Co. v. State of Minnesota, 159 U. S. 526, 16 Sup. Ct. Rep. 83; State v. Weyerhauser, 71 N. W. 265.

The omission of the county seal from the certified copy of the resolution designating the delinquent tax list was not fatal.  Paine

v. French, 4 Ohio 318; Fund Commissioners v. Glass et al. 15 Ohio 542; Ashley v. Wright, 19 Ohio St. 291; Franum v. Buffman, 58 Mass. 260.

The auditor is authorized to certify, but no form of certificate is prescribed. The law does not declare that the certificate must be under seal. Where the law declares that certain things must be done in a certain manner, it is presumed to have declared all things that are to be so done. See Maxwell v. Hartman, 8 N. W. 103, Baze v. Arper, 6 Minn. 220; Thomas v. Morgan, 6 Minn. 292, Gil. 199.

The tax list was properly published. It is claimed that the list as published differs from the one filed, in that the column for the town and range is omitted in the printed list, and the number of the town and range set opposite each description. This raises the question of cross line description, that is, setting down the town and range at the head of the column instead of repeating them in each description. This method is upheld. McQuaide v. Jeffrey, 50 N. W. 233.

The published list need not be an exact copy of the filed list to confer jurisdiction. Choteau v. Hunt, 46 N. W. 341; McQuaide v. Jaffrey, supra; Sperry v. Goodwin, 46 N. W. 328; Lane v. Innes, 45 N. W. 4; Sharp v. Daugney, 33 Cal. 505.

That the judgment is for an excessive amount does not invalidate it. A judgment is not liable to collateral attack, because of a mistake in ascertaining an amount to be entered therein, or other irregularity. McCulloch v. Estes, 25 Pac. 724; Gregory v. Bouvier, 19 Pac. 232; Griswold v. Stoten, 84 Amer. Dec. 409; Hilton v. Dumphey, 71 N. W. 527.

The sale is not subject to collateral attack. Jaggard on Taxation, section 100; Van Vleet on Collateral Attack, sections 787-8; Hilton v. Dumphy, supra.

No notice of expiration of the period of redemption was required to be made by the county. The provisions for giving such notice apply only to individuals. State ex rel v. Smith, 32 N. W. 174.

This action is barred by the statute of limitations found in the Woods Act, section 15. The exceptions to such statutes are found in Roberts v. First National Bank, 8 N. D. 504, 79 N. W. 1049. See, also, Oconto Co. v. Jerrard, 46 Wis. 307; Geekie v. Kirby Carpenter Co., 106 U. S. 379, 27 L. Ed. 157; Terry v. Anderson, 95 U. S. 635, 24 L. Ed. 365; Williams v. Supervisors, 122 U. S.

154, 30 L. Ed. 1088; In re Brown, 135 U. S. 662, 34 L. Ed. 316, 10 Sup. Ct. Rep. 972; Bronson v. St. Croix Lbr. Co. 46 N. W. 570; Coulter v. Stafford, 48 Fed. 266; Imp. Co. v. Bardon, 45 Fed. 706; Ensign v. Barse, 14 N. E. 400, 15 N. E. 401; Ostrander v. Darling, 27 N. E. 353; Freeman v. Thayer, 33 Me. 83; Pillow v. Roberts, 13 How. 472, 14 L. Ed. 228; Turner v. New York, 106 U. S. 90, 42 L. Ed. 392, 18 Sup. Ct. Rep. 38; Dunda v. Harlan, 25 Pac. 883; Martin v. Garrett, 30 Pac. 168; Dalrymple v. City of Milwaukee, 10 N. W. 141; Manseau v. Edwards, 10 N. W. 554; Hotson v. Wetherby, 60 N. W. 423; Dupen v. Wetherby, 48 N. W. 378; Wisconsin Cent. Ry. Co. v. Lincoln, 30 N. W. 619; Sherry v. Gilmore, 17 N. W. 252; Haselton v. Simpson, 17 N. W. 332; Edwards v. Sims, 19 Pac. 710; Terrell v. Wheeler, 123 N. Y. 76, 25 N. E. 329; Smith v. Buffalo, 159 N. Y. 427, 54 N. E. 62.

*Newman, Spalding & Stambaugh,* for parties in other cases similarly interested.

Sale was not complete until the sheriff's certificate was issued. Section 15, Woods law. Title could not vest until notice of maturity had been given and proof thereof filed with the clerk of the District Court. Section 14, Ch. 67, Laws of 1897.

The section requires a certificate to be issued to the county. Ch. 1, section 124, Laws of 1875 of Minnesota, is identical with the law in this state. Gilfillan v. Chatterton, 33 N. W. 35; Stewart v. Minneapolis & St. L. Ry. Co. 31 N. W. 351; Kipp et al. v. Hill et al., 41 N. W. 970; Vander Linde et al. v. Canfield et al., 42 N. W. 538.

The certificate under the Woods law is not made prima facie evidence of title. It is only prima facie evidence that all requirements of law have been complied with regarding the sale, and conclusive notice that the due notice of sale was given. Section 15.

The burden of proof is, therefore, on respondent to show by competent evidence that all provisions of section 14 have been complied with. Nelson v. Central Land Co., 29 N. W. 121.

The deed given by the auditor was not the one that he was authorized to make, and in making it he exceeded his jurisdiction. It does not contain the recitals necessary to its validity.

The deed must recite a compliance with all the terms of the power and the existence of the facts essential to its validity. Jaggard,

Tax Titles, 466, 467; Blackwell, Tax Titles, 366; Black, Tax Titles, 399.

Young, C. J. This is an action to determine adverse claims to 160 acres of land situated in Sargent county. The plaintiffs' title comes from the original patentee; that of the defendants from a tax judgment sale under chapter 67, p. 76, Laws 1897. It is conceded that plaintiff's have title unless it has been divested by the proceedings under which the defendants claim title. The trial was to the court without a jury. The findings and conclusions were in all respects favorable to the defendants, and judgment was entered confirming their title and right of possession. Plaintiffs have appealed from the judgment, and demand a review of the entire case in this court.

The questions which were presented upon this appeal as grounds for reversal rest upon undisputed facts. On December 29, 1897, a tax judgment for the taxes of 1894 was entered against the land in question under the provisions of chapter 67, p. 76, Laws 1897, which is entitled "An act to enforce the payment of taxes which became delinquent in and prior to the year eighteen hundred and ninety-five." On February 9, 1898, the sheriff offered the land for sale to satisfy said judgment, and, there being no individual bidders, it was bid in for the county, and a sheriff's certificate of sale issued and delivered. It appears from the findings that on December 21, 1901, which was more than two years after the sale to the county, the defendants, W. E. Purcell and E. A. Divet, paid to the treasurer of Sargent county the amount for which said land had been bid in, with interest thereon, and also the taxes, penalties, and interest which became due upon said land subsequent to the sale, and the treasurer executed and delivered to them an assignment in writing in the form prescribed in section 19 (page 86) of the above act, purporting to transfer all the right, title and interest which the county had obtained by virtue of its certificate of sale. Thereafter, and on January 17, 1902, the county commissioners, in regular session, passed a resolution authorizing the county auditor to execute a special warranty deed of the land in question to the defendants upon payment to the county of all claims for taxes against said land, with interest and penalties, in pursuance of which, on January 28, 1902, the defendants paid the taxes referred to, and the deed thus authorized was executed and delivered to them by the county auditor. The record does not clearly point out the particular years

for which taxes were paid upon each occasion. But, as we understand it, when the assignment was delivered the defendants only paid such taxes as became due after the sale (that is, the taxes for 1898, 1899, 1900 and 1901), and that the remaining taxes (those which became due before the sale, viz. for 1895, 1896 and 1897) were paid on January 28, 1902, when the deed was obtained. In any event, it is undisputed that the defendants completed the payment of all taxes subsequent to those for which the land was sold on the last-named date. It does not appear and is not claimed that the land was sold and forfeited to the county or state under the general revenue laws for the taxes of any of the several years referred to, or that plaintiffs' title has been divested otherwise than by the proceedings taken under chapter 67, p. 76, Laws 1897, for the collection of the taxes of 1894. No notice of expiration of redemption was served by the county or the defendants, and no redemption from said sale has been made or attempted by the plaintiffs, and no offer to pay the taxes or redeem from the sale is made in this action. The defendants claim title both under the assignment and under the deed, and contend that all of the proceedings upon which their alleged title rests were regular and valid; that under chapter 67, p. 76, Laws 1897, no notice of redemption was required to be given by the county when it became a purchaser; that its title became absolute at the expiration of two years from the date of the sale; and that the defendants, having purchased after that date, acquired absolute title.

A large number of other tracts were sold at the same sale, in reference to which other suits are pending, resting upon the same state of facts and involving the same questions as in this case. By request of appellant's counsel, counsel in those cases were permitted to participate in the oral argument and file briefs in this case.

Counsel for appellants challenge the validity of (1) the tax judgment, (2) the sale, (3) the certificate issued to the county, (4) the county's assignment to the defendants, and (5) the deed to the defendants—each upon independent grounds; and further contend that, in any event, the interest which the defendants acquired from the county did not constitute title, and that it has never ripened into title for the reason that notice of expiration of the redemption period was not given. The tax judgment is assailed upon three grounds. It is claimed (1) that the county auditor did not properly certify to the clerk of the district court a copy of the resolution of

the county commissioners designating the newspaper in which the tax list was to be published, and that the copy was not filed in time; (2) that the list as published was not a copy of the list filed; and (3) that the judgment was for an excessive amount. The two grounds first stated present jurisdictional objections. The third, as we shall hereafter see, is not of that character. The provisions which are pertinent to the questions here presented are contained in sections 1, 3, 4 and 6 of the governing statute, chapter 67, pp. 76, 78, 79, Laws 1897. Section 1 requires the county treasurer to make out a list of all taxes upon real estate which appear by his records to have become delinquent in 1895 or prior years, which have not been satisfied by payment, or redemption, or sale of the real estate to actual purchasers, including taxes upon real estate which may have been bid in by or become forfeited to the county or state, and provides that "the list shall contain a description of each piece or parcel of land upon which said taxes shall not have been paid as aforesaid, and opposite such description the name of the owner to whom as-- sessed, if known, and if unknown shall so state, for each year, and the amount of such tax for each year, with penalty and interest;" and to file the same with his affidavit as to its correctness, with the clerk of the district court of his county; and declares that such filing shall have the force and effect - of the filing of a complaint in an action by the county against each piece of land described in it to enforce the taxes appearing against it. Section 3 requires the clerk to "make a copy thereof," and to attach thereto a notice, the form of which is given, which recites, among other things, that in default of answer "judg- ment will be entered against such piece or parcel of land for taxes in said list appearing against it and for all penalties, interest and costs." Section 4 provides that: "The county treasurer shall cause the said notice and list to be published.  *  *  *  The newspaper in which such publication shall be made shall be designated by a. resolution of the board of county commissioners of the county in which the taxes are laid at least ten days before the filing of such list, a copy of which resolution, certified by the county auditor, shall be filed in the office of the clerk of the district court." Section 6 requires the clerk to enter judgment against each piece of land in default of answer upon the expiration of thirty days from the last publication of such notice and list. The county commissioners passed the resolution required by section 4, supra, on July 16, 1897, and on

October 6th thereafter the auditor filed with the clerk a certified copy thereof, which was as follows: "Be it resolved, that the Sargent County Independent, a legal newspaper published at Forman, North Dakota, be and the same is hereby designated to publish the special delinquent real estate tax list pursuant to chapter 67 of the Session Laws of 1897. The bond for said publication was on motion fixed at $500." "I, A. N. Carlblom, auditor of Sargent county, North Dakota, do hereby certify that the above resolution was duly passed and adopted by the board of county commissioners of Sargent county at their regular meeting July 16, 1897. Dated July 16, 1897. A. N. Carlblom, County Auditor." The auditor filed the list in the clerk's office on September 22, 1897. The first publication was on October 21, 1897, and the last on November 4, 1897. We think the objection that the resolution was not properly certified to the clerk, and that it was not filed in time, is untenable. The passage of the resolution and the filing of a copy of the same, in compliance with section 4, supra, are jurisdictional steps. This court so held in Cass County v. Improvement Co., 7 N. D. 528, 75 N. W. 775. But we find no failure in either particular. The objection is directed to the form of the auditor's certificate and to the absence of a seal. The statute does not prescribe a form of certification, or require that the auditor's certificate shall be under seal. As to the sufficiency of certificates of this nature, it is said that: "Where the form of a certificate is not prescribed in the act, it must be of such nature that it will substantially apprise the person to whom it is to be delivered of the facts sought to be brought to his notice, and upon which he is required to act." People v. Foster (Sup.) 58 N. Y. Supp. 574. See, also, State v. Gee, 28 Or. 100, 42 Pac. 7; State v. Brill, 58 Minn. 152, 59 N. W. 989; State v. Schwin, 65 Wis. 207, 26 N. W. 568. It will be noted that the certificate required by the above section is not for the purpose of making the copy admissible in evidence. It is not, therefore, governed by the statute relating to such copies. See section 5700, Rev. Codes 1899. Kipp v. Dawson (Minn.) 60 N. W. 845. For this reason the case of Sykes v. Beck, 12 N. D. 242, 96 N. W. 844, cited by counsel for appellants, is not in point. The objection that the auditor's official signature on the copy is not attested by the county seal does not affect its character, for the reason that the statute does not require it. Where the statute authorizes an officer to make a certificate, and does not expressly require the affixing of

a seal, it is not necessary, and the absence of the seal has no effect.
Irving v. Brownell, 11 Ill. 407; Baze v. Arper, 6 Minn. 220 (Gil.
142); Thompson v. Morgan, 6 Minn. 292 (Gil. 199); Orcutt v.
Polsley, 59 Neb. 575, 81 N. W. 616; Farnum v. Buffum, 58 Mass.
260; Paine v. French, 4 Ohio 318; Ashley v. Wright, 19 Ohio St.
291; Fund Com'rs v. Glass, 17 Ohio, 542; Dumont v. McCracken
(Ind.) 6 Blackf. 355; Maxwell v. Hartman (Wis.) 8 N. W. 103;
Young v. Wood, 63 Neb. 291, 88 N. W. 528. The purpose of the
filing is to inform the clerk and the public in an official way of the
newspaper in which the list is to be published. In our opinion, the
certification was entirely adequate for that purpose. It was, in
fact, more formal than those which were held sufficient by this court
in Cass County v. Improvement Co., supra, and Emmons County v.
Bank, 9 N. D. 583, 84 N. W. 379. And it was filed in time. No
time is expressly fixed by the statute for filing the copy of the resolu-
tion, but we think the purpose of the filing is accomplished, and the
spirit of the statute complied with, if it is filed before the first publica-
tion. Neither, in our opinion, is there any merit in the second objec-
tion, namely, that the list as published was insufficient. True, it was
not a literal copy of the list filed, but it was not necessary that it
shoud be. The deviations were in matters of phraseology and ar-
rangement, and did not alter the substance, and were in no respect
misleading or prejudicial. Instead of the words "Name of Owner; If
Known, So State," appearing in the headings of the filed list, the
word "Names" was used; instead of "Subdivision of Sec. or Lot,"
"Description;" for "Yr. for Which Tax Became Delinquent," "Year;"
for "Amount of Tax," "Amt;" and for "Penalty and Interest to
Date," "Cost" was substituted; and the township and range, instead of
appearing at the head of each column, were stated under the cross-
line method. The statute declares what facts the list shall embrace
but does not prescribe the form in which they shall be set out. That
is left to the discretion of the official charged with its preparation.
Both the filed list and the published list contained all that the statute
requires. There was no difference in matters of substance. A
variance in substance cannot be overlooked, but mere informalities,
or a variance in matters not of substance, occurring in an attempt
to comply with the statute, will not be fatal. Cooley on Tax'n (3d
Ed.) sections 931, 895; Smith v. Messer, 17 N. H. 420, 427; Kane
v. Brooklyn, 114 N. Y. 586, 21 N. E. 1053.

The third ground of objection to the validity of the judgment, namely, that it was for an excessive amount, must also be overruled. Both the filed list and the published list stated the amount of the tax at $22.72, penalties and interest $7.72, the total amount at $30.44, and judgment was entered for the latter sum. It is contended that a correct computation of the penalty and interest under the rule laid down in Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241, will show that but $6.13 was due, and that the judgment was, therefore, for an excessive amount. For the purposes of this case it may be conceded that the computation made by the treasurer and stated in the list was erroneous. That fact, however does not affect the jurisdiction. The clerk is not given authority to make computations. It is his duty, under the statute, in default of answer, to enter judgment for the amount appearing upon the list. If there was error in computation or in stating the amount, these were issues to be raised and adjudicated upon appearance and answer, and, in default of answer, jurisdiction existed to enter judgment for the amount stated in the list. This point is controlled by our decision in Emmons County v. Bank, 9 N. D. 583, 594, 84 N. W. 379, and the cases therein cited. It follows, for the reasons stated, that the attack upon the validity of the judgment cannot be sustained.

The sale is attacked upon the ground that it was made for an excessive amount. The land was bid in for $37.27, and it is said that this sum included an illegal item of $5.60 for sheriff's fees. We are agreed that the inclusion of this item did not render the sale void. Section 15 of this act (Laws 1897, p. 85, c. 67) expressly enumerates the grounds upon which a sale may be held invalid, and the fact that the sale was for an excessive amount is not one of them. Parties in interest are given relief for such errors without disturbing the sale. Section 23 provides that: "Upon application of the party entitled thereto, the treasurer shall pay to such party any money paid into the treasury on the sale of any piece or parcel of land in excess of the amount due upon such piece or parcel at the time of the sale, or for any money paid in for redemption, which he may pay to the purchaser at the sale, or other person appearing from his copy judgment book to hold the right acquired at the sale, taking duplicate receipts therefor." A similar contention was urged, and overruled by this court, in Shattuck v. Smith, 6 N. D. 56, 73, 69 N. W. 5. In that case a sale made under the general revenue law of 1890 was attacked upon the ground that it was for an excess-

ive amount. The court said: "Assuming this to be the case, we are nevertheless clear that, in view of the provisions of sections 72 and 82 of the Revenue Laws of 1890, pp. 404, 407, c. 132, the sale was not thereby rendered invalid. Section 72 (in substance like section 15, supra) in terms declares that no tax sale shall be set aside or declared invalid unless for certain reasons therein specified, and a sale for an excessive amount is not one of the cases so specified. Section 82 (similar to section 23, supra) vests in the owner of the fee the right to obtain from the auditor a warrant on the county treasurer for any amount paid into the treasury on the sale of any piece or parcel of land for taxes in excess of the amount due upon such piece or parcel at the time of the sale. If, for any reason, whether because the purchaser sees fit to bid more than the amount of the tax, or because the auditor, in settling makes a mistake in computing the amount due, the purchaser pays more than the amount due at the time of the sale for taxes assessed against the property, the owner can call upon the auditor to give him a warrant upon the treasurer for such excess. Should the auditor fail to comply with that request, in a proper case mandamus would lie to compel him so to do. It follows that no injury can accrue to the owner from the sale of this property for an amount in excess of the taxes due, and it is therefore entirely reasonable that it should be provided in another section (section 72) that such a sale should not be set aside as invalid." See, also, Sutherland v. City of Brooklyn, 87 Hun, 82, 33 N. Y. Supp. 959; People v. Palmer (Sup.) 41 N. Y. Supp. 760. While our conclusion that the sale is not invalid because for an excessive amount is based upon the statute, we do not wish to be understood as conceding that, independent of the statute, it is subject to collateral attack. The rule seems to be that, where a sale is made under a valid tax judgment, it is within the rule which exempts it from collateral attack. Jaggard on Tax'n, 433, 456; Black on Judgments, section 245, note 1, and section 247.

As to the objections to the certificate issued to the county, it is sufficient to say that it is in the form prescribed by the statute, and that the objections to it are not of sufficient merit to require discussion. The questions affecting the assignment and the deed are of a more serious character. They are so closely connected that they will be considered together. The important question in this connection is as to the character of the county's interest or estate in the land at the time these instruments were executed and delivered.

Both of them were delivered more than three years after the sale. The defendants' contention is that by reason of the failure of the owners to redeem from the sale within two years the land was forfeited to the state, and its title became absolute, and that they suceeded to such title through the transfers above referred to. The plaintiffs contend, on the other hand, that under this act the title does not pass until the right of redemption is eliminated by the service of notice of expiration of redemption, and that the service of such notice is as obligatory upon the county, when it is the holder of a certificate, as it is upon the individual holder. It may be stated at the outset that chapter 67, p. 76, Laws 1897, does not provide for the issuance of a deed at any time or upon any contingency. The certificate is the only muniment of title which the county issues, and title passes by operation of law when the redemption period has expired, and not before. The crucial question is, when does the redemption period expire? This can only be answered by a construction of the several provisions of the act relating to the subject of redemption, to which we will now refer. Section 20 provides that "any person having any estate or interest in the property, wishing to redeem from such sale, may make such redemption at any time within two years" by making the payments therein prescribed. If this were the only provision, it would be clear that the redemption period is absolutely limited to two years. This section, however, is only one of a number relating to the same subject, in connection with which it must be read and construed. Section 13 provides that in default of a sale to individual purchasers "the county treasurer shall bid in the same for the county." Section 14 provides a form of certificate which "the sheriff shall execute to the purchaser," which, by express recitals, is made to answer for sales to the county as well as to individual purchasers. This section also contains the following significant, and, in our opinion, decisive, provision: "Such certificate, in case the land shall not be redeemed, shall pass to the purchaser, or the state or county, the estate therein expressed, without any other act or deed whatever. * * * Provided, however, that the holder of any certificate for any piece or parcel of land sold under any tax judgment, must, ninety days preceding the maturity of such certificate, give personal notice to the owner, if a resident of the state, of the expiration and maturity of such certificate. * * * The fee simple of any piece or parcel of land named in any certificate shall not vest in the holder thereof

until the notice provided for herein is given and due proof thereof filed with the clerk of the district court." Section 19 authorizes the county treasurer to assign the right of the state or county in any piece or parcel of land bid in by it "at any time before the time for redemption expires" upon the payment of the amount for which it was bid in, with interest, "and the amount of any subsequent taxes, penalty, and interest upon the same," and prescribes a form for such assignment. This act gives no authority for transferring the interest which the state or county may acquire other than by assigning its certificate. Is the right of redemption eliminated, and does the redemption period expire, by the mere passage of the two-year period? Clearly not. Time is only one of the elements essential to terminate it. The statute expressly requires an affirmative act on the part of "the holder of any certificate" to effect this result, namely, the service of notice of the expiration of the redemption period. It may be said that the redemption period is two years, and this is, in a sense, true. But it may be more, contingent upon delay in serving the notice of redemption. The owner has an absolute period of two years in which to redeem, which cannot be reduced by any act of the holder of the certificate. The latter may, by serving notice the required length of time before the two years expire, restrict the owner's right of redemption to two years from the date of sale, and thus cause his lien to ripen into title. But the redemption period does not expire, and the certificate does not mature or the lien ripen into title, until the statutory notice is given, for it is expressly provided that the title "of land named in any certificate shall not vest in the holder thereof until the notice provided for herein is given," etc. There is no ambiguity in this language, or doubt as to its meaning. Clearly, the effect of delay in giving the notice is to postpone the expiration of the redemption period. While conceding that notice is necessary in case of individual purchasers, counsel for defendants contend that the county is exempt from giving the notice, and that its interest ripens into title by the mere passage of time. We find no ground or reason for sustaining this view. The language of the act negatives any such conclusion. Section 14 requires "the holder of any certificate" to give notice, and the same section provides that title "shall not vest in the holder thereof" until the notice is given. The county is the holder of a certificate, and if it were conceded that it can acquire title under this act—a point that we do not decide—it is clear that it cannot do so without giving

the notice which is required of "the holder of any certificate." It is contended that chapter 67, p. 76, Laws 1897, was taken bodily from the state of Minnesota, and that we should be governed by the case of State v. Smith, 36 Minn. 456, 32 N. W. 174, wherein it was held that such notice is not required to be served on behalf of the state. The statement that this act was taken in its entirety from Minnesota is not entirely correct, and we think the differences in the statute considered in the case just cited are so vital that it is valueless as a precedent. In its general structure and purpose our act corresponds with the Minnesota statute, and was undoubtedly borrowed from it. A large number of sections are identical. Some have been altered in unimportant particulars, while others have been wholly omitted. The provisions transferring the authority to make sales and execute certificates from the auditor to the sheriff, are peculiar to this state. In the particulars which were controlling in the case of State v. Smith it is utterly unlike the statute there under consideration. The decision in that case was based upon section 37, c. 6, p. 42, Laws 1877; Gen. St. 1878, c. 11, section 121. That section provided that "every person holding a tax certificate" should give notice through the agency of the county auditor or sheriff, and that "the county should not be liable for any expense incurred" in giving such notice. Our statute requires "the holder of any certificate" to give notice, and contains no provision exempting the county from liability. The Minnesota act provided that lands bid in for the state, and "not redeemed within three years from the date of sale, shall become forfeited to the state." Our act contains no such provision. And the Minnesota act, unlike our own, contains an express provision for the sale of the lands so forfeited. But the vital difference lies in the entire absence from the Minnesota statute of any provision corresponding with section 14 of our act, which declares that title shall not vest until notice is given. The section of the statute construed in State v. Smith was amended by chapter 198, p. 310, Laws 1889, by providing, among other things, that "the title  *  *  * shall not vest in the purchaser and the time for redemption shall not expire until the notice contemplated by this act shall have been given by said purchaser." Our statute was taken from the section as amended. It was held in the recent case of Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, that under the amendment notice is required in all cases, and that title does not become vested in the

state by the mere expiration of the three year period. The court said: "In a word, our conclusion is that as to all land forfeited to the state subsequent to 1889 the owner had a vested right to the sixty-day notice of expiration of redemption after the state had sold the land to an actual purchaser." The former case does not conflict with, and the latter fully sustains, our conclusion that the redemption period does not expire, or the certificate mature, until the notice of expiration of redemption has been given. Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 60 N. W. 813; State ex rel Kipp v. Peltier, 86 Minn. 181, 90 N. W. 375; State v. Bigelow, 52 Minn. 307 54 N. W. 95.

Inasmuch as the county had only a lien upon the land when the defendants obtained the assignment and deed, it could transfer to them no greater interest or estate. Having a mere lien, it could transfer only a lien, and that was effected by the assignment. The deed, even if it were executed by authority, could not convey title, for the county had no title to convey. The assignment is in the form prescribed by the statute, and it is conceded that all taxes subsequent to that for which the land was sold were paid to the county. The fact that they were not all paid when the assignment was delivered does not render it invalid. True, the payment of all subsequent taxes was essential to the authority of the auditor to assign the certificate. Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219; Hoyt v. Chapin (Minn.) 89 N. W. 851. But it was not necessary that the assignment should be delivered and payment made at the same time. Both were necessary, and both had been complied with. When the final payments were made, the sale of the certificate was fully executed, and nothing remained to be done to make the sale effective and valid. See Pigott v. O'Halloran, 37 Minn. 415, 35 N. W. 4; also Woodman v. Clapp, 21 Wis. 355; Smith v. Board, 44 Wis. 688.

It follows that the trial court erred in entering judgment confirming title and right of possession in the defendants. It is directed to vacate its judgment, and enter judgment confirming the defendants' lien under their tax certificate, with costs in the district court. Appellants will recover costs in this court. All concur.