(126 N. W. 229.)

---

ALEXANDER McKENZIE v. CARLOS N. BOYNTON.

Opinion filed March 18, 1910.

**Taxation — "Wood Law" — Notice of Expiration of Redemption — Leaving Copy at Defendant's Hotel.**

1. Under the so-called "Wood Law" (chapter 67, Laws 1897) the county of Emmons obtained a judgment for taxes in October, 1897. In December following the lands included in such judgment were sold by the sheriff, the county becoming the purchaser, to whom certificates of sale were duly issued. Ninety days preceding the expiration and maturity of such certificates the county treasurer assumed to give notice to M., the owner of the lands, of the statutory notice of expiration of time for redemption. The notice was signed "Emmons County, N. D., by H. W. Allen, County Treasurer," and service thereof was attempted to be made by registered mail, and also by leaving a copy thereof with one F., an employe at the hotel where M. resided. M. had no family, nor was he residing in the family of another within the meaning of subdivision 7, section 6838, Rev. Codes 1905, relating to the service of process. *Held,* for reasons more fully stated in the opinion, that such attempted service of the notice was of no validity or effect.

**Taxation — "Wood Law" — Notice of Expiration of Redemption Period — Failure to Serve — Effect.**

2. There being no legal service of the notice of expiration of time for redemption from the sale, the county acquired no title through its certificate, but merely retained a lien on the land by virtue of such certificates.

**Taxation — Tax Title — Notice of Redemption — Conveyance by Purchaser.**

3. Subsequently the county auditor, by authority of the county commissioners, attempted to convey said land and other land by deed to H. B. L. Co., and the latter thereafter attempted to convey the same to defendant. *Held,* that, the county having no title, none was conveyed through such deed.

**Taxation — "Wood Law" — Tax Title — Subrogation to Lien of County — Equitable Relief — Reimbursement of Tax Penalty and Interest.**

4. In addition to the sum paid by the H. B. L. Co. to the county as consideration for such deed, the record discloses that said land company paid to the county certain taxes for subsequent years on such lands, and defendant has paid taxes thereon for certain other years. *Held,* under the facts, that in equity defendant is subrogated to the lien of the county for all taxes, interest and penalty paid by him or his grantor to such county, and that plaintiff will be granted the equitable relief prayed for only on condition that he first reimburse defendant for all sums thus paid, on the principle that he who asks equity must first do equity.

Appeal from District Court, Emmons county; *Winchester* J.

Action by Alexander McKenzie against Carlos N. Boynton. Judgment for plaintiff and defendant appeals.

Modified and affirmed.

*Cochrane & Bradley,* for appellant.

*Lynn & Coventry,* for respondent.

Fisk, J. This is an appeal from the district court of Emmons county, and defendant and appellant specifies that he desires a review of the entire case in this court. The action is a statutory one to determine adverse claims to certain real property; the complaint being in the statutory form. The answer is a general denial, and also contains new matter by way of counterclaim, in which defendant sets up title to the property through certain tax proceedings under the so-called "Wood Law" (Laws 1897, c. 67), by which it is alleged the county acquired title to said lands and subsequently conveyed the same to defendant's grantor, the latter conveying such lands to defendant by warranty deed, and asks to have his title quieted as against plaintiff.

The facts are all stipulated, and are in substance as follows: That plaintiff was, on November 1, 1899, and for more than three years prior thereto, the owner of the property in question, and that he is still such owner, unless his title thereto has been divested by the tax proceedings hereinafter set out; that on October

4, 1897, Emmons county obtained a judgment in the district court for certain taxes levied against said property in prior years Thereafter such proceedings were had thereon that on December 6, 1897, the real property in controversy was sold at public auction by the sheriff pursuant to the judgment, the county of Emmons becoming the purchaser by reason of the absence of other bidders, and certificates of sale in due form were issued to such county by the sheriff and recorded in the office of the register of deeds on December 20, 1901.

The only proof of notice of expiration of the time for redemption from such sales and service thereof is contained in Exhibits 3 to 9, inclusive. Exhibit 3 is an affidavit by one Allen, county treasurer, in which, among other things, he makes oath that: "On September 6, 1899, being at least 90 days preceding the expiration and maturity of said tax sale certificate, he gave notice for Emmons county of the expiration and maturity of said tax sale certificates to Alexander McKenzie, the owner of said land and a resident of the state of North Dakota, by depositing in the United States post office at Linton, N. D., a true copy of the original notice of expiration of redemption, dated September 2, 1899, which said notice is hereto attached and made a part of this affidavit, and mailing the same by registered letter, registry fee and postage thereon prepaid, said copy being inclosed in an envelope addressed to Alexander McKenzie, St. Paul, Minn., his last-known post office address, on said date, * * * and affiant received, upon mailing said copy at said post office, * * * the registry receipt attached; and affiant, after said last-named date, received the registry return receipt hereto attached, also by leaving at the place of residence of said Alexander McKenzie in Bismarck, N. D., a true copy of the notice of expiration of redemption hereto attached." The notice referred to the affidavit addressed to Alexander McKenzie recites the tax proceedings and the facts of the sale under the judgment, the time when the right to redeem will expire, a description of the land, and in other respects appears to be in conformity with the statute, with the exception that it is signed "Emmons County, N. D., by W. H. Allen, County Treasurer." There is also annexed to such affidavit a certificate purporting to be made by the sheriff of Burleigh county, in which he certifies that he served such notice on September 6, 1899, on Alexander McKenzie, by leaving at the Sheridan House in Bismarck, the place

of residence of said McKenzie, with W. J. Freede, an employe and clerk at said Sheridan House, a true and attested copy thereof. There are also attached to such affidavit the registry receipt and registry return receipt referred to therein; the letter being signed as follows: "Alex. McKenzie. P. J. Jukins"—such receipt disclosing on its face that the said Jukins receipted for the registered letter as assumed agent of McKenzie. Following the above is a written statement by said Allen, county treasurer, to the effect that proof of notice of expiration of period of redemption was not made and filed December 6, 1899, for the reason that he was enjoined from so doing by an order of the district court. Exhibits 8 and 9 relate merely to the publication in the Emmons County Record of such notice of expiration of redemption and proof thereof, and are concededly not material.

In such stipulation of facts it is agreed that Alexander McKenzie, during all the times mentioned, was a resident of Bismarck, N. D., his place of residence being at the Sheridan House in said city; also that said lands were wholly unoccupied during all the times mentioned. It is further stipulated that on November 18, 1901, the county of Emmons sold and conveyed its interest in such real property to the Hackney-Boynton Land Company for a valuable consideration, by a deed of conveyance executed by the county auditor, pursuant to a resolution of the board of county commissioners, and that the Hackney-Boynton Land Company, for a valuable consideration, sold and conveyed by warranty deed, its interest in said land on August 1, 1904, to defendant. The stipulation next recites that such real property was assessed for taxation, and taxes levied thereon for the years 1895-6-7-9-1900-1-2-3, and that such taxes were paid by the Hackney-Boynton Land Company on dates therein mentioned, amounting to $223.40, and that defendant paid to Emmons county certain taxes assessed and levied for the years 1904 and 1905. Until due proof of service of notice of expiration of time for redemption was filed the county acquired, through its certificates, no title to the premises, for the statute (section 14, chapter 67, Laws 1897) expressly provides: "The fee simple of any piece or parcel of land named in any certificates shall not vest in the holder thereof until the notice provided for herein is given and due proof thereof filed with the clerk of the district court." See, also, Darling & Angell v. Purcell et al., 13 N. D. 288, 100 N. W. 726. In order to establish his alleged

title to the premises through the tax proceedings under the so-called "Wood Law," it was incumbent on defendant to prove the service of such notice and the filing thereof with the clerk, as required by such statute. Cruser & Baker v. Williams, 13 N. D. 284, 100 N. W. 721.

When the owner of the property is a resident of this·state the statute requires personal service to be made on him of the notice of the expiration of time for redemption. It is respondent's contention, and the trial court so held, that the stipulated facts fail to show a compliance with the statute in this respect. In this we think they are correct. It is not contended by appellant that personal service of such notice was in fact made; the contention merely being that the stipulated facts show the equivalent of personal service. In this they are in error. The delivery by the sheriff of the copy of such notice to W. J. Freede, an employe at the Sheridan House, falls far short of personal service upon McKenzie. For all that is contained in the alleged proof of such service McKenzie may have been actually in his room in said hotel at the time the sheriff left with said employe the copy of such notice. The personal service required by the statute· must, we think, be made in the manner of making personal service of a summons as provided by section 6838, Rev. Codes 1905. That action, so far as applicable, reads as follows: "The summons shall be served by delivering a copy thereof as follows:   *   *   *   (7) In all other cases, to the defendant personally and if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of his family over the age of 14 years; or if the defendant resides in the family of another, with one of the members of the family in which he resides over the age of 14 years. Service made in any of the modes provided in this section shall be taken and held to be personal service.   *   *   *"
Plaintiff had no family, nor was he residing in the family of another within the meaning of the statute. His residence was at a public hotel; hence the service which, under the statute, would be valid and binding upon him could be made only by delivering to him personally the notice required. For like reasons the attempted substituted service by registered mail, even if the proof thereof was complete, is utterly unavailing. As said by this court in Bank v. Holes, 12 N. D. 38, 94 N. W. 764: "The term 'personal service' has a fixed and definite meaning in law. It is service by deliv-

ery of the writ to the defendant personally. Other modes of service may be given the force of such service by legislative enactment. But the use of the words 'personal service,' unqualified, in a statute means actual service by delivering to the person, and not to a proxy"—citing Hobby v. Bunch, 83 Ga. 1, 10 S. E. 113, 20 Am. St. Rep. 301. See, also, 19 Enc. Pl. & Pr. 613, 630, et seq.; 32 Cyc. 448, 457, and cases cited. See, also, R. I. Hospital Trust Co. v. Keeney, 1 N. D. 411, 48 N. W. 341. Having reached the conclusion that notice of the expiration of the time for redemption from the tax sales and certificates was not served as the statute requires, it follows under the plain wording of the statute that no title to the property ever vested in Emmons county under such certificates, and that at the time of the attempted conveyance of these lands to the Hackney-Boynton Land Company the county merely had, under such certificates, a lien upon the land for the unpaid taxes, interest and penalty. Darling & Angell v. Purcell, 13 N. D. 288, 100 N. W. 726; Cruser & Baker v. Williams, 13 N. D. 284, 100 N. W. 721.

By the prayer of the answer defendant asks that, if for any reason the court shall decide that his claim of title under the tax proceedings and deeds is declared invalid, he be adjudged to have a lien on said land for all taxes paid, and that plaintiff, as a condition to his obtaining the relief prayed for, be required to pay all such taxes, together with interest, penalty, etc., including the taxes paid by the Hackney-Boynton Land Company, as well as himself. While counsel for appellant make no reference in their brief to such point, we deem it proper to briefly notice the same. It is entirely clear that, if the deed to the Hackney-Boynton Land Company operated to assign to it the lien of the county against this land for the unpaid taxes, interest and penalty, defendant, by the deed to him, acquired an assignment of such lien, and that a court of equity would not grant plaintiff the relief prayed for, except upon condition that he first reimburse defendant for the amount of such taxes, interest and penalty. Did the deed, executed and delivered to the Hackney-Boynton Land Company by the county auditor of Emmons county, thus operate to transfer the county's lien? The legislature, in enacting the Wood Law, saw fit to prescribe the manner in which its rights, under such certificates, might be assigned, and also prescribed a form for use in making such assignments, and it will be observed by reading said

statute that no other method is herein prescribed. Section 19 authorizes the county treasurer (not the auditor) to assign the right of the state or county in any piece or parcel of land bid in by it, upon the payment of the amount for which it was bid in, with interest and the amount of any subsequent taxes, penalty and interest upon the same. As said in Darling & Angell v. Purcell, supra: "This act gives no authority for transferring the interest which the state or county may acquire other than by assigning its certificate." In the case at bar no assignments of the certificates were made by the county treasurer to the Hackney-Boynton Land Company, and therefore defendant, through the deeds, did not succeed to the county's rights as a lienholder, unless it may be said that the first deed operated to effect an equitable assignment to the land company of the county's lien for taxes. The land company paid to the county, as consideration for such deed, the amount of the tax liens, and it also paid subsequent taxes for certain years. Defendant also paid the taxes thereon for certain years after his purchase from the land company. We think, notwithstanding the statute aforesaid, that in equity defendant should be deemed subrogated to the rights of the county as to its said tax liens, and that as to all subsequent taxes paid by him or his grantor he should be adjudged to have an equitable lien therefor upon the premises in question. Plaintiff is asking equitable relief, and as a condition to obtaining such relief he must be required to do equity.

One conclusion is that the judgment should be modified in the following particulars: An account should be taken of the amount of all taxes, including interest and penaltites paid to the county, either by the defendant or his grantor, and that judgment be entered in plaintiff's favor for the relief prayed for, upon the condition, however, that plaintiff first pays to defendant, or to the clerk for his benefit, the amount of such taxes, interest and penalties, together with interest thereon from the date the same were paid to the county, at the rate of 7 per cent per annum. As thus modified the judgment is affirmed. Appellant shall recover his costs on this appeal. All concur.

SPALDING, J. (concurring). I concur in the foregoing opinion, except that I express no opinion as to service of a notice, by leaving a copy with the clerk of a hotel at which a party to be served resides, being personal service. Assuming that service of the notice

in question might have been made in the same manner that personal service of a summons is authorized, and that leaving a copy with the clerk of the hotel at which the party resides, when he cannot conveniently be found, is personal service, no such service is shown in this case. The return fails to show that McKenzie could not conveniently be found, and the defect is fatal.

(125 N. W. 1059.)