BECK et al. v. STATE FINANCE CO.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1911.)

No. 3,453.

**1.** TAXATION (§§ 701, 810*)—TAX TITLES—BURDEN OF PROOF—NORTH DAKOTA STATUTE.

Under Laws N. D. 1897, c. 67, known as the "Woods Law," which provides for the issuance of certificates of purchase at tax sale, and that such certificates shall operate to pass title at the expiration of 2 years without redemption, but requires the holder to give notice to the owner 90 days before the maturity of the certificates and to file proof thereof with the clerk of the district court, as construed by the Supreme Court of the state, such notice is essential to make the certificates evidence of title, and the burden of proving that it was duly served and filed rests on the holder.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. §§ 701, 810.*]

**2.** TAXATION (§ 805*)—TAX TITLE—SUIT TO QUIET TITLE—LIMITATIONS.

Under Laws N. D. 1897, c. 126, § 79, which provides that any person claiming title to vacant land may bring suit to quiet title as against the holder of a tax deed within three years after its execution, as construed by the Supreme Court of the state, a tax deed must conform in substance to the form prescribed by the statute to entitle the holder to the benefit of the limitation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. § 805.*]

**3.** TAXATION (§ 796*)—TAX TITLE—SUIT TO TRY TITLE—TITLE TO SUPPORT.

A quitclaim deed is sufficient to support an action to quiet title against the holder of a tax title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1580; Dec. Dig. § 796.*]

Appeal from the Circuit Court of the United States for the District of North Dakota.

Suit in equity by the State Finance Company against William H. Beck and Valeria R. Myers. On final hearing. Judgment for complainant, and defendants appeal. Affirmed.

See, also, 15 N. D. 374, 109 N. W. 357.

Ball, Watson, Young & Lawrence, for appellants.
Wicks, Paige & Lamb, for appellee.

Before HOOK and ADAMS, Circuit Judges, and RINER, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. [1] This was a suit by the State Finance Company against Beck and Myers to quiet its title to several tracts of land in North Dakota. The complainant was a fee-simple owner. Defendants held tax claims under what were known as "Woods Law certificates," as also a number of tax deeds. The trial court rendered a decree for complainant, and defendants appealed. Under the state statute authorizing them (chapter 67, Laws 1897) the Woods Law certificates, so called, were the only muniments of title required. No deeds were necessary. Title passed to the holder by operation of law when the redemption period expired. A period of 2 years was prescribed by the law, and that had elapsed in the case here; but it was further provided that the holder should give notice to the owner 90 days preceding the maturity of the certificates and file due proof thereof with the clerk of the district court. In Cruser v. Williams, 13 N. D. 284, 100 N. W. 721, the Supreme Court of the state said:

"Standing alone, the certificate is evidence merely of a lien, and it is only when accompanied by proof of service and filing of the notice of expiration of redemption that it becomes evidence of title; and the burden is upon the person asserting title under the certificate to prove that such notice has been duly served and filed."

See, also, Darling & Angell v. Purcell, 13 N. D. 288, 100 N. W. 726.

Defendants, who asserted their tax claims in a cross-bill, made no showing of the notice required by the statute. This being so, the trial court held that the certificates did not convey title; but it made provision for redemption of the tax liens as to which complainant had made and kept good a tender. This was right.

[2] As to their tax deeds, defendants rely upon a state statute (section 79, c. 126, Laws 1897), which, so far as pertinent here, provides that any person claiming title to vacant land may commence and maintain an action, within 3 years after the execution and delivery of a tax deed, against the person claiming title by virtue thereof, to quiet his title or to remove the cloud arising from the tax deed; and if no action is begun within the time mentioned the deed shall vest in the grantee a fee-simple title to the land described. We shall assume the statute to be one of limitation, though the complainant contends it is not. Most of defendants' tax deeds fall within the terms of the statute, in that the lands described in them remained vacant more than three years after their execution and delivery and before plaintiff sued. So it is claimed the suit was brought too late. The deeds, however, lack conformity to statutory requirements, and disclose defects which, according to decisions of the Supreme Court of the state, make them "void on their face." In this particular the defendants claim the statute runs in favor of every tax deed, unless it is void for jurisdictional defects, like the nontaxability of the property, the absence of assessment or levy, prior payment of the taxes or redemption by the owner, and absence of a tax sale, and it says the defects on the face of the deeds are not jurisdictional.

We think this point has been decided against the contention of defendants in Beggs v. Paine, 15 N. D. 436, 109 N. W. 322, and State

Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357. In the first of these cases it was held that a statute prescribing the form of a tax deed—

"has thereby made every fact recited in the form a matter of substance. It is only those deeds which conform in substance to the statutory form that are made evidence of anything; and it is only such a deed that can set in motion those statutes of limitation which bar actions to set aside tax sales without adverse possession."

In both cases above cited deeds showing upon their face defects not of a jurisdictional character as defined by defendants were held to render them in effect "no deeds," and evidence of nothing beyond their own execution, not even of a tax sale or the existence of a tax. The defendants relied upon their deeds, and offered no evidence upon which the court might have given them a lien for possible valid taxes levied against the property. State Finance Co. v. Beck, supra.

[3] We think the contention that complainant has no standing in court, because it obtained its title by quitclaim deeds, is without merit.

The decree is affirmed.